UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80378-CIV-MARRA

LINDA ENGLERT,

Plaintiff,

vs.

MACY'S FLORIDA STORES LLC, a foreign
corporation, and HEATHER HALEY, individually,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiff's Motion for Remand (DE 9). The Court has carefully considered the motion and is otherwise fully advised in the premises.

The facts, taken from the allegations of the Amended Complaint are as follows: Plaintiff Linda Englert ("Plaintiff") began her employment with Macy's Florida Stores LLC ("Macy's") in 1999 as a sales associate. (Am. Compl. ¶ 7.) On December 27, 2010, Defendant's corporate detective, Daniel Labrie, and its loss prevention manager, Defendant Heather Haley ("Haley"), commenced an "interrogation" of Plaintiff for over a two hour period in which they "falsely accus[ed] her of theft." (Am. Compl. ¶¶ 9-10, 12.)

Towards the end of this two hour period, Plaintiff was left alone in the room behind a closed door and told by Haley to "think about it." (Am. Compl. ¶ 16.) At this point, Plaintiff was distraught and in a "state of shock." (Am. Compl. ¶ 17.) Plaintiff removed a push pin from a bulletin board in the room and began to self-mutilate, carving gashes into her forearm. (Am. Compl. ¶ 18.) Plaintiff mutilated herself to the point that medical personnel was needed and she

was transported to a hospital for follow-up care, where she was held for two days pursuant to the Florida Mental Health Act. (Am. Compl. ¶ 20.)

Macy's department manager, Colleen Holsberg, was present when medical personnel arrived and took it upon herself to notify Macy's human resources department that Plaintiff would need a leave of absence under the Family and Medical Leave Act ("FMLA").  (Am. Compl. ¶ 22.)  The human resources office approved that leave until February 22, 2011. (Am. Compl. ¶ 23.)   Plaintiff's treating psychologist contacted Macy's human resources office on or about January 5, 2011, confirmed there was a medical basis for the leave, and advised Macy's not to contact Plaintiff until she was medically stable. (Am. Compl. ¶¶ 24-26.)  Nonetheless, on January 11, 2011, Macy's wrote a letter to Plaintiff terminating her employment, which "falsely stat[ed]" that Plaintiff admitted stealing money. (Am. Compl. ¶ 28.)

Plaintiff has brought a claim under the FMLA against Macy's (count one) and claims for intentional infliction of emotional distress against Macy's (count two) and Haley (count three). Macy's filed its Notice of Removal from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County on April 7, 2011.[1] (DE 1.) Plaintiff has now filed a motion with this Court to remand the intentional infliction of emotional distress claims to the Florida court pursuant to 28 U.S.C. 1367(c).  Specifically, Plaintiff contends that her claims for intentional infliction of emotional distress involve different elements of proof from the FMLA claim, permit different damages, and require a heightened evidentiary burden.

---

[1] Subsequent to removal, Plaintiff filed an amended complaint adding Haley as a defendant.

Section 1367(c) of Title 28 in pertinent part states:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
. . . .

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

After careful review, the Court chooses to exercise its discretion and extend supplemental jurisdiction over the state law claims of intentional infliction of emotional distress. See Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004) ("[t]he decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court"). Here, the evidence Plaintiff will use to prove its state law claims will also be probative on the FMLA claim. Plaintiff will have to present evidence of the circumstances leading up to her need to take FMLA leave as well as her termination. In other words, all the claims will require proof of the same facts. Cf. Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 104 (5th

Cir.1996) (holding under 28 U.S.C. § 1441(c)[2] that a FMLA claim was not separate and independent from the intentional infliction of emotional distress claim because they both arose from the single wrong of termination and the claims were simply different theories of recovery). Moreover, by asking for remand of only the state law claims, the granting of Plaintiff's request would lead to the prospect of parallel proceedings in both federal and state court.  This situation is wasteful of judicial resources, especially given the high likelihood that the Plaintiff will present the same evidence to prove its case in both proceedings. Since this Court can properly exercise jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, the Court sees no reason to remand Plaintiff's state law claims.[3]  Baggett v. First National Bank of Gainesville, 117 F.3d 1342, 1353 (11th 1997) (citing Palmer v. Hospital Authority of Randolph County, 22 F.3d 1559, 1569 (11th Cir.1994)) (considerations of judicial economy, convenience, fairness, and

---

[2] Like section 1367(c), the Court's power to decline supplemental jurisdiction under section 1441(c) is also discretionary: "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."  The Court would also reach the same result had Plaintiff brought her motion to remand under section 1441(c).  Because the state law claims involve many of the same issues of fact that will be presented as part of the federal question claim, the Court cannot conclude that the FMLA claim is "separate and independent" from the state law claims.

[3] Of course, if circumstances changed, and the federal claim was disposed of, the Court could then decline to exercise supplemental jurisdiction. Section 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3); see Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir.1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants").

comity may influence the court's discretion to exercise supplemental jurisdiction).

Accordingly, for the reasons stated herein, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Remand (DE 9) is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 25th  day of April, 2011.

_____
KENNETH A. MARRA
United States District Judge